ROBERT F. BARNARD, as the Personal
Representative of the Estate of
RAYMOND PAULK, and
ROBIN BAXLEY, as the Personal
Representative of the Estate of
MICHAEL JESSE SCARBERRY,

    Plaintiffs,

vs.                                          CASE NO.: 5:10-cv-00213-RS-CJK

GEICO General Insurance Company,

    Defendant.

_____/

## GEICO'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, **GEICO GENERAL INSURANCE COMPANY** ("GEICO"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Northern District Local Rule 56.1, hereby files the following Statement of Materials Facts in Support of its Motion for Summary Judgment:

GEICO issued policy number 4010840595 ("the Policy") to Winnie and RAYMOND PAULK (collectively "the Paulks"), effective July 30, 2004 through January 30, 2005. [Exhibit A, GEICO 0001-0025]. The Policy provided Bodily Injury liability ("BI") coverage in the amount of $10,000 per person and $20,000 per occurrence. [*Id*]. On January 7, 2005, at or around 7:18 p.m., the Paulks' daughter, Layura Sellers ("Sellers"), was involved in a single-vehicle automobile accident on County Road 167 in Jackson County, Florida while driving a vehicle owned by RAYMOND PAULK. [Exhibit B, GLC 2960-2968]. As a result

of the accident, MICHAEL JESSE SCARBERRY ("SCARBERRY"), who was a passenger in the vehicle driven by Sellers, was killed. [*Id*]. Winnie Paulk reported the accident to GEICO on January 8, 2005. [Exhibit C, GLC 2837].

On January 8, 2005, GEICO began its investigation of the accident by conducting a recorded interview of Winnie Paulk. [Exhibit D, GLC 3194-3212]. On the same day, GEICO explained to Mrs. Paulk the coverage provided under her insurance policy with GEICO. [Exhibit E, GLC 2839]. GEICO contacted Mrs. Paulk again on January 12, 2005 and advised her that GEICO would attempt to tender the full $10,000 BI policy limits to SCARBERRY's mother, ROBIN BAXLEY. [Exhibit F, GLC 2842]. Later that day, GEICO confirmed that Hosam Zawahry ("Zawahry") of The Zawahry Firm, P.A. was representing BAXLEY, despite the fact that GEICO had not received a letter of representation from The Zawahry Firm. [*Id*].

On January 19, 2005, eleven (11) days after GEICO was notified of the accident and seven (7) days after learning of The Zawahry Firm's representation of BAXLEY, GEICO tendered a $10,000 check for the full BI policy limits, made out to the personal representative of the deceased minor's estate and Sam K. Zawahry, via hand-delivery to Zawahry's office. [Exhibit G, GLC 0957; GLC 0958; GLC 2843].

In a letter dated February 13, 2005 and copied to Ms. Sellers, GEICO advised the Paulks of their policy limits, of the possibility that claims arising out of the accident could result in a judgment in excess of their policy limits, and of their right to retain their own attorney to protect their interests above their policy limits. [Exhibit H, GLC 0969]. On or

about February 22, 2005, GEICO sent Zawahry a letter confirming its January 19, 2005 tender and enclosing an Affidavit of Coverage. [Exhibit I, GLC 0965-0967]. In that letter, GEICO advised Zawahry that it had not received a letter of representation from him; GEICO also asked Zawahry to advise GEICO if he required a certified copy of the Paulks' insurance policy. [*Id*]. Zawahry never responded to this correspondence. GEICO representative Lucille Terhart ("Terhart") tried to reach Zawahry by telephone on February 22, 2005, but was able to speak only with "Judy" at his office. [Exhibit J, GLC 2846].

On March 11, 2005, GEICO representative Terhart again called Zawahry's office to inquire about the status of the case – again, GEICO was only able to speak with Judy, not Zawahry. [*Id*]. In a letter dated March 11, 2005, Terhart again asked Zawahry via facsimile to advise if he would like a certified copy of the insurance policy and to advise as to the status of the tender and release. [Exhibit K, GLC 0945]. Terhart attempted to contact Zawahry again on April 1, 2005 via telephone to inquire about the status of the check that GEICO had tendered. [*Id*]. Terhart was only able to talk to Judy. [*Id*]. Judy said that Zawahry would be out of the office until April 4, 2005. [*Id*]. On April 11, 2005, Terhart called Zawahry's office and spoke to Judy. [Exhibit L, GLC 2847]. Judy said that Zawahry was not in the office and that she did not know the status of the check that GEICO had tendered. [*Id*]. Terhart called Zawahry's office again on April 26, 2005 and spoke with "Jessica." [*Id*]. Jessica advised Terhart that Zawahry was preparing for trial and could not take Terhart's call, but that she would leave him a message to return GEICO's call. [*Id*].

On May 2, 2005, Terhart again called Zawahry's office and spoke to Judy. [*Id*]. Judy

said that Zawahry was in trial, and that he was the only person handling BAXLEY's file. [*Id*]. Terhart called Zawahry's office on May 20, 2005 and spoke with Jessica. [Exhibit M, GLC 2848]. Jessica said that Zawahry would be out of the office until May 23, 2005. [*Id*]. On May 23, 2005, GEICO representative Terhart called Zawahry's office again regarding the status of the check that GEICO had tendered; Jessica advised that Zawahry was with a client. Terhart left a message with Jessica. [*Id*]. Terhart called Zawahry's office an additional time on May 31, 2005 and spoke with Judy. [*Id*]. Judy said that Zawahry was with a client; Terhart left yet another message. [*Id*]. On June 6, 2005, GEICO representative Terhart called Zawahry's office and spoke with Judy [*Id*]. Judy said that Zawahry was with a client. [*Id*]. Also on June 6th, Terhart called the insured and advised her of the status of the claim. [*Id*].

On June 24, 2005, Terhart again called Zawahry's office in an effort to obtain an update on the status of the check that GEICO had tendered; Terhart spoke with Judy who said that Zawahry would be out of the office until June 27, 2005. [*Id*]. Judy also said that she had given Zawahry the previous messages left by Terhart. [*Id*]. On the same day, Terhart sent Zawahry a letter via facsimile asking for an update on the status of the policy-limits check tendered by GEICO as well as the release that GEICO provided to Zawahry. [Exhibit N, GLC 0939-0940]. Terhart called Zawahry's office again on June 30, 2005 and spoke with Judy. [Exhibit M, GLC 2848]. Judy said that Zawahry was on another phone line, and that she did not know anything. [*Id*].

On July 12, 2005, Terhart called Zawahry's office and spoke with Jessica. [*Id*].

Jessica initially stated that Zawahry was available and asked Terhart what case she was calling about. [*Id*]. Terhart said she was calling about the BAXLEY case; Jessica responded by saying that Terhart would need to talk to Judy. [*Id*].

On July 28, 2005, GEICO field representative Charles Perroni ("Perroni") went to Zawahry's office to hand deliver a second check for the full BI policy limits because the check that GEICO issued in January of 2005 had expired. [Exhibit O, GLC 0937; GLC 0918-0919; GLC 2849; SZ 02936]. Perroni left the re-issued check and release at Zawahry's office and was told that Zawahry was not available. [*Id* at GLC 2849].

In total, between February 22, 2005 and July 28, 2005, GEICO made sixteen attempts to contact Zawahry, attempts that were not met with a response from Zawahry for approximately seven months. [Exhibit P, GLC 2846-2849; Exhibit Q, deposition of Zawahry at pages 153-154]. Zawahry testified during his deposition in the present matter that he has had other cases in which he did not respond to repeated attempts by insurance adjusters to contact him. [Exhibit R, deposition of Zawahry at pages 154-155].

Following receipt of GEICO's second policy-limits tender, Zawahry communicated with GEICO for the first time in written correspondence dated August 5, 2005. [Exhibit S, GLC 0918-0919; Exhibit Q, deposition of Zawahry at pages 153-154]. In Zawahry's August 5, 2005 letter, he acknowledged receiving the check and proposed release that GEICO had delivered to his office. [Exhibit S, GLC 0918-0919]. Zawahry further stated that "it looks like" an estate would have to be set up in order for the release to be executed, unless GEICO would be willing to waive having the estate opened and instead have BAXLEY execute a

release. [*Id*]. In the same correspondence, Zawahry stated that "[i]t also looks like you have not been asked to give disclosures under the insurance disclosure statute. Please do that now." [*Id*]. Zawahry mentioned a Liberty Mutual policy referred to in the accident report. [*Id*]. Zawahry requested a check made out to "Robin Baxley and Sam Zawahry, her attorney," and stated that he thought that a release should contain language stating that "this release does not in any way affect any civil or criminal restitution that has been or may in the future be imposed against the releasee by a criminal court." [*Id*]. The letter went on to say that Zawahry would "like to have the re-issued check and these documents within 30 days." [*Id*]. Zawahry did not specify whether he would "like" to have a response within thirty days of the date of the letter or within thirty days of receipt of same by the GEICO adjuster handling the matter. In addition, Zawahry's August 5th letter stated that if GEICO required that an estate be set up for SCARBERRY, Zawahry would also require a check for an additional $2,500. [*Id*].

GEICO received Zawahry's letter, which was addressed to William Todd, rather than to Lucy Terhart (the adjuster that had been attempting to contact Zawahry for approximately seven months), on or about August 8, 2005. [Exhibit T, GLC 0921]. GEICO took immediate steps to address Zawahry's August 5, 2005 correspondence. [Exhibit U, GLC 2849]. On August 11, 2005, only three days after GEICO received the letter, GEICO called Winnie Paulk and determined that Sellers was only insured by GEICO at the time of the accident, and that she had previously been insured by Liberty Mutual Insurance. [*Id*]. On August 29, 2005, GEICO unsuccessfully attempted to contact Zawahry by telephone. [*Id*]. The next

day, on August 30, 2009, GEICO contacted attorney Angela Jones' ("Jones") office to inquire about having Jones set up an estate for SCARBERRY. [*Id*]. GEICO tried to reach Zawahry by telephone again on August 31, 2005, but was yet again unsuccessful. [*Id*].

On September 1, 2005, GEICO called Jones and discussed setting up an estate for SCARBERRY. [*Id*]. Jones said that she would contact Zawahry regarding the matter. [*Id*]. Jones made several attempts to contact Zawahry over a several week period of time, but did not receive a response from Zawahry until after he had filed the underlying lawsuit. [Exhibit V, GLC 0775; Exhibit W, deposition of Jones at page 54-55].

On September 8, 2005, GEICO sent Zawahry a letter responding to his August 5, 2005 correspondence. [Exhibit X, GLC 0929-0930]. In its letter, GEICO advised Zawahry that GEICO had referred the estate matter to attorney Angela Jones to open an estate on behalf of SCARBERRY. [*Id*]. GEICO further advised that although GEICO never received a formal letter of representation from Zawahry, GEICO had sent an Affidavit of Coverage to his office on February 13, 2005, along with a request regarding whether he wanted a certified copy of the policy. GEICO enclosed the Affidavit of Coverage in its August 31st correspondence and again asked whether Zawahry wanted a certified copy of the policy. GEICO also advised that neither the Paulks nor Sellers had any other automobile insurance policies at the time of the accident. [*Id*]. GEICO sent copies of this letter to Sellers and the Paulks. [*Id*].

Zawahry responded to GEICO's September 8, 2005 correspondence in a letter dated September 19, 2005. [Exhibit Y, GLC 0916-0917]. In Zawahry's response, he stated that

GEICO failed to comply with the "requirements in the settlement offer." [*Id*]. More specifically, Zawahry said that GEICO did not provide "the required copy of the insurance policy, or the statement from your insured that the statute requires, and you provided no revised release as required by the offer." [*Id*]. Zawahry's September 19, 2005 correspondence also accused GEICO of misdating its September 8, 2005 correspondence – Zawahry said that he received the letter on September 8, 2005, but that it was dated August 31, 2005. [*Id*].

GEICO representative Lucille Terhart responded to Zawahry's September 19, 2005 correspondence in a letter dated September 30, 2005. [Exhibit Z, GLC 0912-0913]. In the September 30th correspondence, Terhart explained why GEICO's September 8, 2005 letter was dated August 31, 2005. [*Id*]. Terhart said that she prepared the letter on August 31st, but then forwarded it to Claims Home Office for approval. [*Id*]. Upon receiving approval to send the letter, Terhart mailed and faxed it to Zawahry, but inadvertently did not change the date from August 31st to September 8th. [*Id*]. Terhart stated that this was an oversight on her part, that she in no way intended to deceive Zawahry, and pointed out that there was clear documentation of when the letter was faxed. [*Id*]. Terhart went on to explain that it was GEICO's desire at all times to resolve BAXLEY's claim against GEICO's insureds, but that Zawahry's lack of responsiveness to numerous written correspondences and telephone calls had made it difficult. [*Id*]. Terhart enclosed a certified copy of the insurance policy and stated that she would like to speak with Zawahry about resolving the claim. [*Id*].

On September 21, 2005, Winnie Paulk called GEICO and advised that she received

a Complaint filed by BAXLEY ("the underlying lawsuit"). [Exhibit AA, GLC 2850]. The underlying lawsuit resulted in entry of a consent judgment in favor of BAXLEY, individually, and as the Personal Representative of the MICHAEL JESSE SCARBERRY, in the amount of $2,500,000.00 on or about July 28, 2008. [Exhibit BB, GLC 1921].

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of March, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**S/ MEGAN M. HALL**
**B. RICHARD YOUNG**
Florida Bar No. 442682
ryoung@flalawyer.net
**MEGAN M. HALL**
Florida Bar No.: 0041695
mhall@flalawyer.net
Young, Bill, Fugett & Roumbos, P.A.
P.O. Drawer 1070
Pensacola, FL 32591-1070
(850) 432-2222 / 432-1444 - facsimile
Attorneys for Defendant, GEICO

**SERVICE LIST**
**ROBIN BAXLEY, as the Personal Representative of the Estate of MICHAEL JESSE SCARBERRY and ROBERT F. BARNARD, as Personal Representative of the Estate of RAYMOND PAULK, v. GEICO**
**Case No.: 5:10-cv-00213-RS-CJK**
**United States District Court, Northern District of Florida**

Lisha Bowen, Esq.
Swope, Rodante P.A.
1234 East 5th Avenue
Tampa, Florida 33605
(813) 273-0017
lishab@swopelaw.com
Counsel for Plaintiff
Via Notice of Electronic Filing

Michael S. Rywant, Esq.
Florida Bar No. 240354
mrywant@rywantalvarez.com
Rywant, Alvarez, Jones, Russo & Guyton, P.A.
2440 S.W. 76th Street, Suite 130
Gainesville, FL 32608
Tel - (352) 333-3700
Fax - (352) 333-3706
Attorney for Plaintiff Robert Barnard
Via Notice of Electronic Filing